UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUGLAS LONGHINI,

    Plaintiff,

v.                                   Case No. 6:17-cv-1444-Orl-37KRS

BENZER INTERNATIONAL
KISSIMMEE, LLC; GALA
ENTERPRISES OF CENTRAL
FLORIDA, INC.; and EAST COAST
WAFFLES, INC.,

    Defendants.
_____

## ORDER

Plaintiff initiated this action against Defendants alleging violations of the American with Disabilities Act ("**ADA**"). (Doc. 1 ("**Complaint**").) Defendant Benzer International Kissimme, LLC ("**Benzer**") then moved for dismissal of the claims asserted against it under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement under Rule 12(e). (Doc. 11 ("**First MTD**").) When Plaintiff failed to respond to the First MTD, the Court granted it, dismissed the Complaint without prejudice, and permitted Plaintiff leave to file an amended pleading. (Doc. 16.)

Plaintiff filed his Amended Complaint on September 27, 2017. (Doc. 19.) Three days later, Benzer moved for dismissal or, alternatively, for a more definite statement.[1]

---

[1] On October 11, 2017, Defendant East Coast Waffles, Inc. ("**ECW**") filed a notice of joinder in the Second MTD. (Doc. 22.)

-1-

(Doc. 20 ("**Second MTD**").) Plaintiff again failed to respond. *See* Local Rule 3.01(b) (requiring that a party opposing a motion file a response within fourteen days after receiving service of the motion).

Although the Court prefers a response, the Second MTD is due to be denied as meritless.[2] Benzer and ECW argue only that the Amended Complaint is a "single-count" shotgun pleading, making it "impossible to discern whether Plaintiff is suing all, some, or only one defendant." (Doc. 20, pp. 2–3.) Even a cursory review of the Amended Complaint dispels any concern that it is a shotgun pleading. (*See* Doc. 19.) In three separate counts, Plaintiff sets forth his allegations against Benzer, Gala Enterprises of Central Florida, Inc. ("**Gala**"), and ECW, respectively. (*Id.* ¶¶ 21–48.) Indeed, it is hard to imagine a clearer delineation of whom Plaintiff is suing and why.

Equally baseless is the request for a more definite statement. (Doc. 20, p. 4.) Benzer and ECW argue that Plaintiff's prayer for relief makes "it is impossible to know" what remedy Plaintiff is seeking against which Defendant. (*Id.*) Again, this impossibility argument cannot stand against the Amended Complaint that clearly seeks injunctive relief against Benzer, ECW, and Gala, who are allegedly jointly and severally liable for the asserted ADA violations. (Doc. 19, ¶¶ 20, 62.)

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Benzer International Kissimmee, LLC's Motion to Dismiss Amended Complaint or, in the

---

[2] Under the circumstances, Plaintiff's failure to respond does not adversely impact his suit. But, where the disposition of a motion is unclear, the nonmoving party does itself a disservice in failing to respond because the Court cannot act as a stand-in advocate. Plaintiff's counsel should heed this advice moving forward.

Alternative, Motion for More Definite Statement and Supporting Memorandum of Law (Doc. 20) is **DENIED.** Defense counsel should note that the Court considered the imposition of sanctions due to the frivolous nature of the filing. Hopefully, this warning will suffice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 18, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record